UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNELL B. DIGGS,<br><br>               Plaintiff,<br><br>   vs.<br><br>JOHN DOE, et al.,<br><br>               Defendants. | **1:19-cv-00766-GSA-PC**<br><br>**<u>SCREENING ORDER</u>**<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND**<br>**(ECF No. 14.)**<br><br>**THIRTY-DAY DEADLINE TO FILE THIRD AMENDED COMPLAINT** |

## I. BACKGROUND

Lonnell B. Diggs ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on May 31, 2019. (ECF No. 1.) On June 21, 2019, Plaintiff filed the First Amended Complaint as a matter of course. (ECF No. 9.) On July 15, 2019, Plaintiff filed a motion to amend and lodged a Second Amended Complaint. (ECF Nos. 11, 12.) The court granted Plaintiff's motion to amend and the Second Amended Complaint was filed on July 15, 2019. (ECF Nos. 13, 14.) The Second Amended Complaint is now before the court for screening. 28 U.S.C. § 1915.

## II.   SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## III.   SUMMARY OF SECOND AMENDED COMPLAINT

Plaintiff is presently incarcerated at the California State Prison–Los Angeles County, in Lancaster, California. At the time of the events at issue in the Second Amended Complaint, Plaintiff was incarcerated at Corcoran State Prison (CSP) in Corcoran, California, in the custody of the California Department of Corrections and Rehabilitation. Plaintiff names as defendants Correctional Officer (C/O) Sherill, Sergeant Childress, and John Does #1-7 (collectively, "Defendants"). Plaintiff's allegations follow:

On November 6, 2018, at 11:17 a.m., Plaintiff arrived at CSP and was placed into a stand-only cage.  Plaintiff asked defendant C/O Sherill how long he would stay in the cage.  Defendant Sherill said, "It will be a while" before Plaintiff is housed.  Plaintiff asked why and Sherill stated that eight additional transportation busses were in route to CSP from various facilities and once all of the busses arrived the inmates would all be processed at the same time and screened by medical.

After a few hours Plaintiff asked defendant Sherill how much longer it would be because Plaintiff's feet were painful and his ankles started to swell.  Sherill said it would be a few more hours.  Plaintiff told defendant Sherill that his feet hurt because of a medical condition called plantar fasciitis and numerous sprains.  Plaintiff also told Sherill that he needed to defecate and that he had not been provided a restroom break.  Defendant Sherill said, "Well my sh**, my shift is ending and I have to get home to my family, so you're no longer my problem but I will let Third Watch know."  Plaintiff's feet, legs, ankles, and knees hurt, and his ankles began to swell and cramp up.

When Plaintiff asked for medical attention he was blatantly ignored by defendants John Does #2-7.  Plaintiff has a documented history of feet, ankle, and knee injuries, along with mental health issues.

Plaintiff stood in the cage for approximately ten hours while defendants Sherill and John Does #1-7 did nothing to assist Plaintiff or remove him from the cage.

The next day, November 7, 2018, defendant Sergeant R. Childress escorted Plaintiff to a filthy restroom that reeked of urine.  The sink and part of the toilet were covered with dried food.  The seat of the toilet bowl was covered with fecal matter built up through the inner walls into the pipes. The sink was covered in filth with what appeared to be dried-up mucus and saliva, which deprived Plaintiff of drinkable water.  Plaintiff could not will himself to come in contact with someone else's bodily fluids so he asked for disinfectant cleaner to sanitize the toilet before using it.  Defendant Childress told Plaintiff that there was no cleaner inside R&R and he had to make do because he was not going to a yard to retrieve the cleaner for one inmate.  Plaintiff told defendant Childress that he was not the only inmate that needs to defecate.  Childress said,

"That's too bad," and smirked at Plaintiff.  Due to unsanitary conditions and lack of soap, Plaintiff was not able to flush the toilet either.

Plaintiff was placed back in metal restraints and returned back to the stand-only cage. Due to the fact that he was not able to use the toilet because of unsanitary and humiliating conditions, Plaintiff ended up defecating on himself.  Plaintiff suffered pain in his stomach and bladder from holding his urine for hours, and urinated in bed numerous times after that incident.

Defendant Childress failed to properly train or supervise his or her subordinates.

As relief, Plaintiff requests compensatory, punitive, and emotional distress damages, and appointment of counsel.

## IV.   MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff requests court-appointed counsel to assist him with this lawsuit.  Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

Plaintiff states that he is legally blind in both eyes and uses a cane to navigate his surroundings.  He also states that he has to rely on others to eat, walk about, care for himself, shower, read, and write.  He cannot yet read Braille, and he is disabled under the ADA (Americans with Disabilities Act).[1]  While these conditions make it more difficult to litigate this

---

[1] In the motion for appointment of counsel, Plaintiff also requests ADA accommodations to aid him in litigating this action.  (ECF No. 1 at 4:21-23.)  Plaintiff has not requested any specific accommodation that

4

case, they do not cause Plaintiff's case to be exceptional under Ninth Circuit law, and the court does not find the required exceptional circumstances. At this early stage in the proceedings the court cannot make a determination that Plaintiff is likely to succeed on the merits. To date the Court has not found any cognizable claims in Plaintiff's Complaint for which to initiate service of process, and no other parties have yet appeared. Plaintiff's conditions of confinement claims are not complex and based on a review of the record in this case the Court finds that Plaintiff can adequately articulate his claims. Therefore, Plaintiff's motion for appointment of counsel shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

## V.  PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also

---

the the prison has not provided him. Therefore, this request is denied without prejudice to renewal of the request at a later stage of the proceedings.

Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law").  A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743).  This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A.   Conditions of Confinement – Eighth Amendment Claim

The Eighth Amendment's prohibition against cruel and unusual punishment imposes duties on prison officials to "provide humane conditions of confinement." Farmer v. Brennan, 511 U.S. 825, 832 (1994). "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" Id. (citation omitted). To state a claim for unconstitutional conditions of confinement, a plaintiff must allege that a defendant's acts or omissions have deprived the inmate of "the minimal civilized measure of life's necessities" and that the defendant acted with deliberate indifference to an excessive risk to inmate health or safety.  Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1994) (quoting Farmer, 511 U.S. at 834); see also Estate of Ford v. Ramirez-Palmer, 301 F.3d 1043, 1049–50 (9th Cir. 2002).

Establishing an Eighth Amendment violation requires a two-part showing. First, an inmate must show objectively that he was deprived of something "sufficiently serious." Farmer, 511 U.S at 834. A deprivation is sufficiently serious when the prison official's act or omission results "in the denial of 'the minimal civilized measure of life's necessities.'" Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)); see Hudson v. McMillian, 503 U.S. 1, 9 (1992).

"[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006); see also Hudson, 503 U.S. at 9. In determining whether a deprivation of a basic necessity is sufficiently serious to satisfy the objective component of an Eighth Amendment claim, a court must consider the circumstances, nature, and duration of the deprivation. Johnson, 217 F.3d at 731.

Second, the inmate must make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety. Farmer, 511 U.S. at 834 (citing Wilson v. Seiter, 501 U.S. 294, 302-03 (1991)); see also Foster v. Runnels, 554 F.3d 807, 812 (9th Cir. 2009). Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. Farmer, 511 U.S. at 835. Instead, in order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. See, e.g., Farmer, 511 U.S. at 847.

Courts have found that substantial deprivations of adequate drinking water, shelter from extreme heat or cold, food, and sanitation for a significant period of time are sufficiently serious to satisfy the objective component of an Eighth Amendment claim. See, e.g., Johnson, 217 F.3d 726, 732–33 (9th Cir. 2000) (finding that prisoners asserted a sufficiently serious deprivation by alleging that prison officials held them outside without access to adequate shelter, water, food, or sanitation for four days when the temperatures ranged from 70 to 94 degrees and for 17 hours in sub-freezing temperatures); Anderson v. Cnty. of Kern, 45 F.3d 1310, 1314 (9th Cir. 1995) (noting that a "lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment"). However, temporary deprivations of sanitation, water, and shelter that last only a short amount of time and do not pose a serious threat of harm to the prisoner do not give rise to deprivations that are sufficiently serious to support an Eighth Amendment claim. e.g., Minifield v. Butikofer, 298 F. Supp. 2d 900, 904 (N.D. Cal. 2004) (finding that a five hour deprivation of water did not rise to the level of an Eighth Amendment violation); Kanvick v. Nevada, 2010 WL 2162324, at *5–6 (D. Nev. Apr. 27, 2010) (noting "that a temporary deprivation of access to toilets, in the absence of physical harm or a serious risk of

contamination, does not rise to the level of an Eighth Amendment violation" and holding that deprivation of access to restrooms lasting up to two hours was not sufficient to support an Eighth Amendment claim); Hernandez v. Battaglia, 673 F. Supp. 2d 673, 676–78 (N.D. Ill. 2009) (finding that deprivations were not sufficiently serious where prisoners were detained in a prison yard while handcuffed without access to water, food, or toilets in 80 to 85 degree temperatures for up to five hours during a search of living quarters); Curiel v. Stigler, 2008 WL 904894, at *4–6 (N.D. Ill. Mar. 31, 2008) (same). The odor, unsanitary conditions, and risk posed by raw sewage is obvious to a layperson and is why cities provide plumbing and waste treatment plants. Moak v. Sacramento Cty., No. 215CV0640MCEKJNP, 2016 WL 393860, at *3–4 (E.D. Cal. Feb. 2, 2016), report and recommendation adopted, No. 215CV0640MCEKJNP, 2016 WL 8731337 (E.D. Cal. Mar. 4, 2016).

Here, Plaintiff alleges that he was forced to stand for approximately ten hours in a cage, was not allowed to use the toilet when he needed to, and later was only offered use of an unsanitary toilet and sink without access to drinking water. These allegations, standing alone, are not sufficient to state an Eighth Amendment claim.

Plaintiff alleges that standing for ten hours was uncomfortable and painful but he does not allege any lasting injury from standing. Although he asked for medical attention there are no facts showing that he needed immediate medical treatment.

Plaintiff fails to state a claim against defendant C/O Sherill for being forced to stand up in the cage because: 1- Sherill had a legitimate penological reason for placing him in the cage, which Sherill explained to Plaintiff, and 2- Plaintiff was only in the cage for a few hours before Sherill left. There are no facts showing that Sherill knew that Plaintiff was at risk of serious injury from standing in the cage for a few hours, or from waiting until Third Watch arrived to use the toilet. Moreover, Plaintiff has failed to allege facts demonstrating that prison officials knew his ten-hour confinement in the stand-up cage posed a substantial threat to his health and disregarded that threat.

Plaintiff also fails to state an Eighth Amendment claim for being taken by defendant Sgt. Childress to a bathroom that was so unsanitary that Plaintiff could not bring himself use the toilet

or the sink. Even allowing that the bathroom was seriously contaminated with raw sewage and other bodily fluids, the length of time Plaintiff was in the bathroom was minimal and Plaintiff has not alleged that he came into direct contact with the sewage or fluids, or that his exposure to contaminants resulted in any injury or medical conditions. Plaintiff alleges that he lacked access to drinking water because the sink was so unsanitary, but he does not allege facts demonstrating that this temporary deprivation posed a threat of serious physical harm or illness.

Plaintiff alleges that he suffered from humiliation and bedwetting after he defecated on himself, but one such incident, without more, does not rise to the level of an Eighth Amendment claim. Plaintiff's allegations, standing alone, are not sufficient to state a claim.

Plaintiff briefly alleges claims for overcrowding and inadequate food service, but his allegations are vague and conclusory without any supporting facts. These allegations are not sufficient to state a claim.

Based on the foregoing, Plaintiff fails to state a cognizable claim for adverse conditions of confinement.

### B.   Medical Claim – Eighth Amendment

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (*en banc*) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id.

Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." Id. at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

Plaintiff alleges that he asked for medical attention when he was standing in the cage, but defendants John Does #2-7 blatantly ignored him. Plaintiff also alleges that he has a documented history of feet, ankle, and knee injuries, along with mental health issues. However, Plaintiff's medical history as described does not establish that he had a serious medical need, or that he was at risk of serious harm without medical care-- and there are no facts showing that any of the Doe Defendants knew that Plaintiff was at risk of harm if he went without medical treatment and responded unreasonably.

Plaintiff also alleges that he was not properly screened for mental health issues at CSP when he arrived in intake. These allegations are vague and conclusory, without any supporting facts and thus, Plaintiff fails to state a cognizable claim for lack of proper mental health screening.

Based on the foregoing, Plaintiff fails to state a cognizable medical claim.

**C.     Doe Defendants**

Plaintiff names Doe defendants in this action. Unidentified, or "John Doe" defendants must be named or otherwise identified before service can go forward. "As a general rule, the use

of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff is advised that John Doe or Jane Doe defendants cannot be served until Plaintiff has identified them as actual individuals and amended his complaint to substitute names for John Doe or Jane Doe. For service to be successful, the Marshal must be able to identify and locate defendants.

        **D.**      **State Law Claims**

Plaintiff alleges that defendant Childress failed to properly train his or her subordinates. Plaintiff also brings a claim for intentional infliction of emotional distress. These are state law claims. Plaintiff is informed that violation of state tort law, state regulations, rules and policies of the CDCR, or other state law is not sufficient to state a claim for relief under § 1983. Section 1983 does not provide a cause of action for violations of state law. See Galen v. Cnty. of Los Angeles, 477 F.3d 652, 662 (9th Cir. 2007). To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976); also see Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995); Gonzaga University v. Doe, 536 U.S. 273, 279 (2002). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367. In this instance, the Court fails to find any cognizable federal claims in Plaintiff's Second Amended Complaint. Therefore, Plaintiff's state law claims fail.

Plaintiff is also advised that the Government Claims Act requires exhaustion of state law claims with California's Victim Compensation and Government Claims Board, and Plaintiff is required to specifically allege compliance in his complaint. Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 208-09 (Cal. 2007); State v. Superior Court of Kings Cnty. (Bodde), 32 Cal.4th 1234, 1239 (Cal. 2004); Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995); ); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988). Plaintiff has not done so.

///

///

**V.     CONCLUSION AND ORDER**

For the reasons set forth above, the court finds that Plaintiff fails to state any cognizable claims in the Second Amended Complaint against any of the Defendants.  Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires."  Plaintiff is granted leave to file an amended complaint within thirty days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

The amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d. 930, 934 (9th Cir. 2002.).  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  Iqbal at 678 (quoting Twombly, 550 U.S. at 555).  There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct.  Iqbal, 556 U.S. at 677.  Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights.  Jones, 297 F.3d at 934 (emphasis added).  Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding new defendants for unrelated issues.  Plaintiff should also note that he has not been granted leave to add allegations of events occurring after the initiation of this suit on May 31, 2019.

Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012), and it must be complete in itself without reference to the prior or superceded pleading.  Local Rule 220.  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "Third Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1.     Plaintiff's motion for the appointment of counsel is denied, without prejudice;

2.     The Clerk is directed to send Plaintiff a civil rights complaint form;

12

3. Plaintiff's Second Amended Complaint is dismissed for failure to state a claim, with leave to amend;

4. Plaintiff is granted leave to file a Third Amended Complaint within **thirty (30) days** from the date of service of this order;

5. Plaintiff shall caption the amended complaint "Third Amended Complaint" and refer to the case number 1:19-cv-00766-GSA-PC; and

6. Plaintiff's failure to comply with this order shall result in a recommendation that this case be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: __**October 2, 2020**__                    __/s/ Gary S. Austin__
                                                         UNITED STATES MAGISTRATE JUDGE